# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARIN JOHNSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO: _____ |
| ) | |
| ADVANCED DIABETIC ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
|    Defendant. ) | |

## COMPLAINT

COMES NOW Darin Johnson, Plaintiff in the above-captioned action, by and through his undersigned counsel of record, McConnell & Sneed, LLC, and for his Complaint against Advanced Diabetic Solutions, LLC (hereinafter sometimes referred to as "Defendant"), respectfully shows this Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Darin Johnson is a resident of the State of Georgia and hereby subjects himself to the jurisdiction and venue of this Court for the purposes of this suit.

2.

Defendant, Advanced Diabetic Solutions, LLC (hereinafter referred to as "Advanced Diabetic") is now and was at all times material to this Complaint a limited liability corporation organized under the laws of the State of Georgia. Service may be made upon Advanced Diabetic by serving its registered agent, Gregory Peter Santulli, at 4850 Sugarloaf Parkway, #209-152, Lawrenceville, Gwinnett County, Georgia 30044.

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. Sec. 216(b) and 28 U.S.C. Sec. 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. Sec. 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## NATURE OF COMPLAINT

6.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

7.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 201, *et seq*. (hereinafter referred to as the "FSLA").

## PARTIES AND FACTS

8.

Plaintiff was employed by Defendant from approximately April 2011 to November 2015.

9.

In particular, Plaintiff was employed at Defendant's office at 1576 Atkinson Road, NW, Lawrenceville, Gwinnett County, Georgia 30043.

10.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 US.C. Sec. 201, *et seq*., 29 U.S.C. Sec. 203(e).

11.

Plaintiff was initially hired as a non-exempt "Account Manager" and was paid on an hourly basis. Plaintiff was paid hourly for a period of two years.

12.

Plaintiff was paid approximately $12.00 per hour while employed on an hourly basis.

13.

After his initial two years, Defendant inexplicably and without warning changed Plaintiff's employment status to salary, without changing his job title or his job responsibilities.

14.

While Plaintiff was employed by Defendant, Defendant would often demand that Plaintiff work overtime hours.

15.

Defendant's directives required Plaintiff work substantially in excess of forty (40) hours each week without receiving overtime compensation for all hours worked in excess of forty (40) in such weeks.

16.

During his employment, until his voluntary resignation in November 2015, while employed by Defendant as an Account Manager, Plaintiff regularly worked in excess of forty (40) hours in given workweeks and was not paid the overtime wage differential.

17.

Defendant is an "employer" within the definition of FLSA, 29 U.S.C. Sec. 203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. Secs. 204 and 297.

19.

Upon information and belief, during the last four and a half years, Defendant failed to keep accurate time records for all hours work by Plaintiff.

20.

Plaintiff is entitled to overtime pay for the hours he worked over forty (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. Sec. 201, *et seq.*, including but not limited to 29 U.S.C. Sec. 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

## COUNT I
## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant has violated the FLSA, 29 U.S.C. Sec. 201, *et seq.*, including but not limited to 29 U.S.C. Sec. 207, by failing to pay overtime wages for hours Plaintiff worked in excess of forty (40) hours in given workweeks.

23.

The FLSA, 29 U.S.C. Sec. 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forth (40) hours in a workweek.

24.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

25.

Defendant's actions, policies and/or practices as described above violate the FSLA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FSLA.

27.

Upon information and belief, Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employee sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FSLA.

28.

Defendant's violations of the FSLA were willful and in bad faith.

29.

Pursuant to the FSLA, 29 U.S.C. Sec. 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid

overtime, attorney's fees, and the costs of this litigation incurred in connection with these claims.

WHEREFORE, Plaintiff Darin Johnson respectfully prays as follows:

(a) That Plaintiff has a trial by jury on all issues so triable;

(b) That Plaintiffs recover from Defendant unpaid wages pursuant to the FSLA, 29 U.S.C. Secs. 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. Sec. 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorney's fees pursuant to 29 U.S.C. Sec. 216, and all other remedies allowed under the FSLA;

(c) That Plaintiff receive a declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FSLA;

(d) That Plaintiff be granted leave to add additional state law claims if necessary; and

(e) That Plaintiff be awarded such further and additional relief as may be just and appropriate under the circumstances.

Respectfully submitted this the 17th day of August, 2017.

        **McCONNELL & SNEED, LLC**

        */s/Robert M. Sneed, Jr.*
        _____

        Robert M. Sneed, Jr.
        Georgia Bar No. 665608
        rms@mcconnellsneed.com
        *Attorneys for Plaintiff*

990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
(404) 665-3090 tel
(404) 665-3476 fax