## RELEASE AND SETTLEMENT AGREEMENT

This **RELEASE AND SETTLEMENT AGREEMENT** (hereinafter "Agreement") is made and entered into by and between Darin Johnson (hereinafter "Johnson") on the one hand, and Advanced Diabetic Solutions, LLC (hereinafter referred to as "Advanced Diabetic Solutions") on the other hand, and sometimes collectively referred to as the Parties.

### WITNESSETH:

WHEREAS, Johnson has asserted claims against Advanced Diabetic Solutions for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. Sec. 201, *et seq.*; and

WHEREAS, these claims are more particularly described in the pleadings in the case in the United States District Court for the Northern District of Georgia, Atlanta Division, being identified as Civil Action File Number 1:17-cv-03122-MHC, *Darin Johnson v. Advanced Diabetic Solutions, LLC* (hereinafter referred to as the "Lawsuit"), and these pleadings are incorporated herein by reference for the purpose of fully and finally releasing all claims which have been asserted or which could have been asserted therein;

WHEREAS, Advanced Diabetic Solutions denies all of Johnson's claims in the Lawsuit; and

WHEREAS, the Parties desire to settle all issues relating to the claims set forth in the Lawsuit, to include any potential causes of action of Johnson against Advanced Diabetic Solutions, or any other person or entity, regarding the issues and claims set forth in the Lawsuit.

NOW THEREFORE, for and in consideration of the mutual covenants and agreements herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.

Without admitting liability, which it denies, Advanced Diabetic Solutions shall cause to pay

to Johnson the sum of Five Hundred Sixty Nine Dollars and 04/100 ($569.04) (hereinafter the

"Settlement Funds"), less all applicable payroll taxes and withholdings, for allegedly unpaid

overtime and liquidated damages under the FLSA, and shall cause to pay Johnson and his counsel of

record in the Lawsuit (Tax ID No. 26-2450980) jointly the sum of One Thousand Five Hundred

Dollars ($1,500.00) (hereinafter the "Attorney's Fees") for attorney's fees and expenses of litigation,

as full and complete settlement of all claims and any matter which was, or may have been asserted,

in connection to the Lawsuit. Payment of the Settlement Funds and Attorney's Fees shall be by

checks delivered to the office of Johnson's counsel of record in the Lawsuit within five (5) business

days of the later of (i) full execution of this Agreement, and (ii) entry of an Order by the Court in the

Lawsuit approving this settlement and dismissing with prejudice Johnson's claims in the Lawsuit,

which approval by the Court is an express condition of this Agreement.

2.

For consideration of the payment of Settlement Funds and Attorney's Fees as set forth above,

and other good and valuable consideration, Johnson for himself, his heirs, executors, administrators,

successors, and assigns (the "Releasors"), hereby releases, remises, and forever discharges, and

covenants not to sue or sue further, Advanced Diabetic Solutions, LLC, its affiliated entities, parents,

and subsidiaries, and all of their respective current and former members, officers, directors,

shareholders, agents, insurers, and attorneys (the "Releasees"), of and from any and all claims,

demands, rights and causes of action of whatever kind of nature, known or unknown, foreseen or

unforeseen, including the consequences thereof, that Johnson or any of the other Releasors has or may have against Advanced Diabetic Solutions or any of the other Releasees from the beginning of time until the Effective Date, including all claims that were or could have been asserted in the Lawsuit or that result from or relate to any of the allegations set forth in the Lawsuit.

3.

The execution of this Agreement by the Parties shall not be deemed as an admission of liability by either of them with respect to any matter whatsoever, but on the contrary, Advanced Diabetic Solutions denies any and all liability with respect to any matter arising out of, or connected with the Lawsuit. It is understood that any and all payments made by Advanced Diabetic Solutions under this Agreement are in settlement to compromise doubtful and disputed claims.

4.

Johnson knows of no other person or entity that has any interest in any of the claims released in Paragraph 2 above (the "Released Claims") or other subject matter of this Agreement. Johnson warrants and represents that (i) he has the sole right and exclusive authority to enter into this Agreement and, with his counsel of record in the Lawsuit, to receive the sums specified herein; (ii) that he has the right to grant the releases given pursuant hereto; and (iii) that he has not sold, assigned, transferred, conveyed, pledged, or otherwise disposed of or encumbered any of the Released Claims, in whole or in part.

5.

The Parties hereby agree and expressly acknowledge that it is their express intention to settle, resolve, and extinguish all of the Released Claims, including all claims that were or could have been asserted in the Lawsuit or that result from or relate to any of the allegations set forth in the Lawsuit.

6.

This Agreement is intended to be construed in accordance with the laws of the State of Georgia. It may be executed in counterparts, each of which shall constitute an original.

7.

The Parties warrant and represent that they have relied upon their own judgment regarding the proper, complete and agreed upon consideration for, and language of, this Agreement. The Parties understand and agree that this Agreement contains the entire agreement between the Parties, and that no representations or agreements, oral or otherwise, between the Parties not included herein, will be of any force or effect.

8.

The Parties hereby agree and expressly acknowledge that they have read this Agreement, that they understand it, and that they agree to be bound by its terms and conditions. This Agreement may be amended or modified only by a written instrument executed by both of the Parties.

9.

Johnson, for himself and his children, heirs, executors, administrators, assigns, and successors in interest, acknowledges and agrees that the releases and waivers set forth above are general releases and waivers and they expressly waive and assume the risk of any and all claims for damages which exist as of the Effective Date but of which he does do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise and which, if known, would materially affect his decision to enter into this Agreement.

10.

Time is of the essence of this Agreement and of each and every term and provision contained herein.

IN WITNESS WHEREOF, the Parties have duly executed this Release and Settlement Agreement, effective as of the last date below (the "Effective Date").

**DARIN JOHNSON**

Date: 10/25/2017

**ADVANCED DIABETIC SOLUTIONS, LLC**

By:

Print Name: Gregory P. Santulli

Title: CEO

Date: 10/25/2017